ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

PATTY CHAN (CA Bar #256200)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Phone (602) 682-2633
FAX    (602) 514-7270

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings under Chapter 11 |
| ALLAN OLSEN and<br>WENDI RAE OLSEN, | Case No. 2:09-bk-16352-GBN |
| | **OBJECTION BY UNITED STATES TRUSTEE TO DEBTORS' PLAN OF REORGANIZATION** |
| Debtors. | Hearing Date: March 12, 2010<br>Time:       2:15 p.m.<br>Location:    230 North 1st Avenue<br>             #702, 7th Floor |

The United States Trustee for the District of Arizona (the "UST"), pursuant to 28 U.S.C. § 586(a)(3)(B), in addition to 11 U.S.C. § 307, hereby objects to the proposed plan of reorganization ("Plan") filed by Allan Olsen and Wendi Rae Olsen ("Debtors"), because it fails to include the following items:

**1.    Important Financial Information Creditor Information**

Debtor fails to provide the financial information relevant and necessary for a creditor to adequately decide whether to accept or reject the plan of reorganization. See In re Scioto Valley Mortg. Co., 88 B.R. 168, 170-171 (Bankr. S.D.Ohio 1988); In re Metrocraft Pub. Services, Inc., 39 B.R. 567, 568 (Bankr. N.D.Ga. 1984).

**A.    Unlisted Disputed Claims**

On November, 25, 2009, Debtors filed their Plan along with their disclosure statement ("Disclosure Statement") with other attached exhibits, including **Exhibit B**. The Plan makes no reference to **Exhibit**

**B,** and **Exhibit B** - standing on its own - is unclear in regards to its significance in relation to the Plan or Disclosure Statement. However, after searching through the documentation, the UST found **Exhibit B** referenced in Debtors' Disclosure Statement: Section VII. Approval, which states:

> The debtors hereby approve those claims listed in Exhibit B hereto, in the amounts listed in Exhibit B. Any creditor satisfied with the approval amounts set forth in Exhibit B need not file a proof of claim. Any creditor whose claim is not listed in Exhibit B, or is approved in an amount unacceptable to the creditor, must file a proof of claim with the court, by a bar date set by the court under separate order.

See Disclosure Statement, p. 14, ¶ 21-26.

A comparison of the **Exhibit B** list to Debtors' Schedules and Statements filed on July 28, 2009 and amended Schedule D filed on November 9, 2009 revealed that: (1) Exhibit B is a mixed list of secured and unsecured creditors and (2) the below listed creditors were listed in Debtors' Schedules and amended Schedule D but "unlisted" in **Exhibit B**. It should be noted that the UST did not compare the <u>actual amounts</u> for creditors that were listed in both Debtors' Schedules and amended Schedule D to the amounts listed in **Exhibit B**.

(1) Schedule D: HomEq Serving (acct no. -4943), $118,748.31
(2) Schedule D: HomEq Serving (acct no. - 4935), $118,900.56
(3) Schedule D: HomEq Serving (acct no. - 4224), $132,816.93
(4) Schedule D: Wachovia Mortgage (no acct number provided), $87,000.00
(5) Schedule F: Arizona Public Service (acct no. - 2284), $283.59
(6) Schedule F: Blaine R. Couser, orthodontics (acct no. -7262), $1,440.00
(7) Schedule F: Southwest Gas Corporation (acct no. -4002), $291.86
(8) Schedule F: Stuart Allan & Associates, Inc. (acct no. -1816), $1,415.95

Since pursuant to § 1111(a), a proof of claim is "deemed filed" to the extent the claim has been scheduled by Debtors *unless* it is scheduled as disputed, contingent, or unliquidated, the normal procedure would be for Debtors to again amend their Schedules to indicate the claims are now disputed or to object to these claim individually. Instead, Debtors have shifted this burden to the creditors. Interestingly, in Debtors' "Motion to Set Bar Date for Filing of Claims," no reference to **Exhibit B** is made to inform

creditors that their claims are being disputed entirely (as in the case of the unlisted creditors) or in part and that they are required to file a proof of claim or else be barred.

**B.     Unspecified Funds**

In their Plan, Debtors indicate that they are paying the sum of $50,000, with $5,000 within 60 days from the Effective Date and $40,000 within five (5) years from the Effective Date or earlier if sums are received over and above secured liens in the sale of Debtors' real properties. See Plan, p. 26; ¶ 18-27. It is unclear why the amount to unsecured creditors is capped at $50,000 if Debtors are able to receive additional funds within the five (5) years. In fact, all net disposable income from Debtors' business within the five (5) years should be allocated to unsecured creditors.

**2.     Provisions regarding Post-Confirmation Fees and Reports**

The plan fails to make a provision for the payment of quarterly fees to the United States Trustee, in cash, post-confirmation, pursuant to 28 U.S.C. § 1930, as amended. See U.S. Trustee v CF & I Fabricators of Utah, Inc. (In re CF & I Fabricators of Utah, Inc.) 150 F.3d 1233, 1240 (10th Cir. 1998); In re Rhead 232 B.R. 175, 178-79 (Bankr. D.Ariz. 1999). Moreover, the plan fails to make a provision for the filing of post-confirmation financial reports on a quarterly basis, with a copy to the Office of the United States Trustee. See 28 U.S.C. § 586(a)(3); United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 Cases; and Fed. R. Bankr. P. 2015(a)(5).

**3.     Provision regarding Pre-Confirmation Reports**

Debtor is also delinquent in monthly operating reports for January 2010, with February 2010 due on March 15, 2010. Pursuant to § 1112(b), a Bankruptcy Court may dismiss or convert a Chapter 11 case for "cause," which includes the unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter. 11 U.S.C. § 1112(b)(4)(F).

WHEREFORE, the United States Trustee respectfully requests that the Plan not be approved at this time until the above matters are addressed.

|     |                                                                          |
| --- | ------------------------------------------------------------------------ |
| 1   | RESPECTFULLY SUBMITTED this 4th day of March, 2010.                      |
| 2   | ILENE J. LASHINSKY<br>United States Trustee                              |
| 3   | District of Arizona                                                      |
| 4   |                                                                          |
| 5   | /s/ PC (CA #256200)<br>PATTY CHAN<br>Trial Attorney                      |

Copies of the foregoing faxed on
March 4, 2010 to:

J. KENT MACKINLAY
WARNOCK, MACKINLAY & CARMAN, PLLC
1019 S. STAPLEY DR.
MESA, AZ 85204
Fax : 480-833-2175
Debtors' Attorney

Copies of the foregoing mailed on
March 5, 2010 to:

J. KENT MACKINLAY
WARNOCK, MACKINLAY & CARMAN, PLLC
1019 S. STAPLEY DR.
Debtors' Attorney

ALLAN OLSEN
WENDI RAE OLSEN
872 North Harmony Avenue
Gilbert, AZ 85234
Debtors

- 4 -