**ORDERED ACCORDINGLY.**

WARNOCK, MacKINLAY & CARMAN, P.L.L.C.
1019 South Stapley
Mesa, Arizona 85204
(480) 898-9239
Email: kent@mackinlaylawoffice.com

J. Kent MacKinlay, No. 7204
Attorney for Debtor

**Dated: September 14, 2010**

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

ALLAN OLSEN and WENDI RAE OLSEN

Debtors.

**Chapter _____11_____**

**Case No. 2-09-bk-16352-GBN**

**STIPULATED ORDER
CONFIRMING CHAPTER 11
PLAN OF REORGANIZATION**

This matter came before the Court pursuant to the Debtors' Chapter 11 Plan, (the "Plan"). The Plan is incorporated herein by reference.

The court has considered the Plan, the Debtors' offer of proof made at the confirmation hearing, the Report on Balloting filed by Debtor's counsel, and the entire record in this case.

The United States Trustee filed an objection to this plan, but has since withdrawn that objection. Barclays Capital Real Estate dba Home Eq Servicing, and later, Bank of New York Mellon, HSBC and Citi Mortgage, also filed objections which have been resolved by this order.

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

A.      This is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2)(A), (L), and (O). This matter arises under Title 11 of the United States Code, 11 U.S. C. § 101 et. seq., (the "Bankruptcy Code") and jurisdiction is vested in this Court to enter a final and dispositive order in accordance with 28 U.S. C §§ 1334 and 28 U.S.C. §151, 157 (a) and (b)(1).

B.      Venue in this judicial district is appropriate under 28 U.S.C. § 1408 (2).

C.      The Classification of claims and interest under the Plan complies with Bankruptcy Code §§ 1122 and 1123(a)(1).

D.     The Plan complies with all provisions of Sections 1123 and 1124 of the Bankruptcy Code.

E.     In accordance with Bankruptcy Code § 1125, the Court finds and concludes that the solicitation of votes to accept or reject the Plan was in compliance with all applicable bankruptcy law, rules and regulations governing the adequacy of disclosure in connection with such solicitation; and that such solicitation was conducted after disclosure of adequate information as defined in Bankruptcy Code § 1125.  Moreover, the Court finds that notice of the Confirmation Hearing was appropriate and adequate under the Bankruptcy Code and Bankruptcy Rules.

F.     In accordance with Bankruptcy Code § 1129 (a)(1), the Court finds and concludes that the Plan, as amended by this order complies with the applicable provisions of Title 11 of the United States Code.

G.     In accordance with Bankruptcy Code § 1129 (a)(2), the Court finds and concludes that the Debtor, as the Plan proponent, has complied with the applicable provision of Title 11 of the United States Code.

H.     In accordance with Bankruptcy Code § 1129 (a)(3), the Court finds and concludes that the Debtor has proposed the Plan in good faith and not by any means forbidden by law.

I.     The Court finds and concludes that the Plan complies with all applicable provisions and requirements set forth in Bankruptcy Code § 1129 (a)(4) through (7) and (9) through (16).

J.     The Court finds and concludes that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 and, therefore, that the Plan complies with Bankruptcy Code § 1129 (d).

K.     The Court finds and concludes that the Court's retention of jurisdiction as set forth in of the Plan comports with 28 U.S.C. § 157.

L.     The Court finds and concludes that notice of all proceedings regarding or related to confirmation of the Plan, was adequate under the circumstances and in compliance with

applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

M.     The Plan has been accepted in writing by a class of impaired creditors timely filing ballots.

N.     Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtors.

O.     The Plan is not discriminatory, and is fair and equitable and does not unfairly discriminate against any creditor or any class of creditor in accordance with Bankruptcy Code § 1129(b).

P.     With respect to each Class, the holder of a claim or interest of such Class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest, property of a value as of the Effective Date of the Plan that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7.

Finding that the Plan is confirmable for all of the foregoing reasons, and based upon the foregoing Findings of Fact and Conclusions of Law which are fully incorporated below;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

1.     <u>Confirmation</u>.   The Plan in the form attached hereto is CONFIRMED and APPROVED in its entirely.

2.     <u>Binding Effect of Plan and Confirmation Order</u>.  Following the Effective Date, no holder of a claim or interest may receive any payment from or seek recourse against the Debtors' estate, except as expressly provided for in the Plan.  As of the Effective Date, any entity is precluded from asserting any debt, claim, cause of action, rights or interests, based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, other than as expressly provided in the Plan, regardless of the filing, lack of filing, allowance or disallowance of such a Claim and regardless of whether such an entity has voted to accept the Plan.

3.     <u>Effectuating Documents; Further Transactions</u>.  Upon entry of this Confirmation Order, the Debtors are authorized to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate, implement, consummate, and further evidence the terms and conditions of the Plan, whether before or after the Effective Date.

4.     <u>Approval Under Applicable Law</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any State, or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, agreements related thereto.

5.     <u>Administrative Expense Claims</u>.  All requests for payment of Administrative Expense Claims must be filed no later than thirty (30) days after the Effective Date or the holders thereof shall be forever barred from asserting such claims.

6.     <u>Savings Clause</u>.  If any provision of this Confirmation Order is invalidated or otherwise reversed on appeal, it shall not effect any other provision hereof, and the remaining provisions of this Order shall remain valid and in full force and effect.

7.     <u>Retention of Jurisdiction</u>.  This Court shall have and retain jurisdiction of all matters arising out of, and related to, the Bankruptcy Cases and the Plan following the Confirmation Date as set forth in of the Plan.  This retention of jurisdiction shall not affect the finality of this Confirmation Order.

8.     <u>Entire Plan Enforceable</u>.  The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforce ability of such provision and such provision shall have the same validity, binding effect and enforce ability as every other provision of the Plan.  The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity…binding effect and enforceability as every other provision of the Plan. Moreover, any discrepancy or inconsistency between the Disclosure Statement and the Plan shall be resolved in favor of the Plan.

4

9.      <u>Post-Petition Reports and Fees</u>.  The Debtors shall timely file quarterly post-petition reports, in such form as may be required by the U.S. Trustee, and pay the post-petition fees of the U.S. Trustee.

10.     Paragraph 3.9 of the Plan is modified to read as follows:

<u>First Trust Deed Holder on 551 S. California, Chandler</u>.  The loan in favor of Barclays Capital Real Estate, Inc., dba Home Eq Services on 551 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 551 S. California, Chandler, Arizona, shall be treated as secured in the amount of $60,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6.5% per annum, calculated from and after the Effective Date, in payments of $377.59 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 of the Plan, and this creditor shall share pro rata with all creditors in that class.

11.     Paragraph 3.12 of the Plan is modified to read as follows:

<u>First Trust Deed Holder on 601 S. California, Chandler</u>.  The loan from Barclays Capital Real Estate, Inc., dba Home Eq Servicing on 601 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 601 S. California, Chandler, Arizona, shall be treated as secured in the amount of $59,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6.5% per annum, calculated from and after the Effective Date, in payments of $358.39 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured

claims described in paragraph 3.18 of the Plan, and this creditor shall share pro rata with all creditors in that class.

12.     Paragraph 3.8 of the Plan, referring to a claim of Wells Fargo Bank, N.A. as successor in interest to Wachovia Mortgage F.S.B., secured by a deed of trust on property at 541 South California Street, Chandler, is amended to adopt that stipulation between the debtors and the creditor, which stipulation was approved by order of the court dated June 17, 2010.

13.     Paragraphs 3.13 and 3.15 of the Plan, referring to claims of HSBC Bank secured respectively by deeds of trust on 611 and 671 South California Street, Chandler, are amended to adopt that stipulation between these parties filed with the court on September 7, 2010.

14.     Paragraph 3.14 of the Plan is modified to read as follows:

First Trust Deed Holder on 661 S. California, Chandler.  The loan held by Bank of New York Mellon, secured by a first deed of trust on 661 S. California, Chandler, in shall be treated as secured in the amount of $42,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6.0% per annum, calculated from and after the Effective Date, in payments of $249.59 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 of the Plan, and this creditor shall share pro rata with all creditors in that class.

Provided however, that in the event the property securing this claim is sold by the debtors within 3 years of the Effective Date, at a price exceeding $42,000, the debtors shall pay to this creditor upon such sale, the difference between $42,000 and the actual sale price, and provided further that such additional payment shall not exceed $8,000.

15.     Paragraph 3.5 of the Plan, referring to a claim of Citi Mortgage, Inc., on the debtor's principal residence at 872 North Harmony Avenue, Gilbert, is modified to provide that the claim of this lender shall not be modified by the Plan.

16.     The claims of the following unsecured creditors are hereby approved in the following amounts:

| | |
|---|---|
| 360 Physical Therapy<br>1076 West Chandler Blvd #103<br>Chandler AZ 85224 | $166.00 |
| American Express<br>PO Box 0001<br>Los Angeles CA 90096 | $2,674.00 |
| American Express<br>c/o CollectCorp Corporation<br>455 North 3rd Street, Ste. 260<br>Phoenix AZ 85004 | $2,800.00 |
| Bank of America<br>PO Box 851001<br>Dallas TX 75285 | $22,500.00 |
| Blaine R. Couser Orthodontics<br>4540 East Baseline Road, Suite 104<br>Mesa AZ 85206<br>(Acct No. 7262) | $1,465.00 |
| Arizona Public Service<br>PO Box 53933<br>Station 3200<br>Phoenix, AZ 85072<br>(Acct No. 2284) | $283.59 |
| C.C.S. Check Processing Center<br>PO Box 55126<br>Boston MA 02205 | $146.00 |
| Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | $45,417.00 |
| Citi Cards<br>P.O. Box 6401<br>The Lakes NV 88901-6408 | $54,939.00 |
| City of Chandler, Utility<br>55 N. Arizona Place, Ste. 105<br>Chandler AZ 85225 | $8,000.00 |
| City of Phoenix<br>PO Box 29663<br>Phoenix AZ 85038 | $753.00 |

| | |
|---|---|
| Diamond Resorts International<br>PO Box 60480<br>Los Angeles CA 90060 | $11,167.00 |
| Discover Bank<br>DFS Services LLC<br>PO Box 3025<br>New Albany OH 43054-3025 | $2,348.00 |
| Hanger Prosthetics & Orthotics West<br>PO Box 25549<br>Phoenix AZ 85002 | $280.00 |
| Home Depot Credit Services<br>PO Box 6926<br>The Lakes NV 88901 | $11,671.00 |
| NCO Financial Systems<br>PO Box 182965<br>Columbus OH 43218 | $252.00 |
| Orkin Pest Control<br>1116 South Center Street<br>Mesa AZ 85210 | $173.00 |
| Recovery Management Systems Corporation<br>For GE Money Bank<br>dba LOWES CONSUMER<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | $1,783.00 |
| Rollins, Inc.<br>c/o Infinity Group Recievables<br>3175 Satellite Bl, Bld. 600 Ste. 304<br>Duluth GA 30096 | $123.00 |
| Southwest Gas Corporation<br>PO Box 52075<br>Phoenix, AZ 85072<br>(Acct No. 4002) | $291.86 |
| Stuart Allan & Associates, Inc.<br>5447 East 5th Street, Suite 110<br>Tucson, AZ 85711<br>(Acct No. 1816) | $1,415.95 |
| Target National Bank<br>C O Weinstein and Riley, Ps<br>2001 Western Avenue, Ste 400<br>Seattle, WA 98121 | $6,305.00 |

```
Wells Fargo Bank, N.A.                                      $4,640.00
c/o Wells Fargo Card Services Recovery Department
P.O. Box 9210
Des Moines, IA 50306
```

The claims of all other creditors whose claims are listed as undisputed in Schedule F to the debtor's bankruptcy schedules, are likewise approved.

17.    To correct a numerical error in the plan, that lump-sum payment due to general unsecured creditors described in paragraph 3.18 of the plan, shall be $45,000, rather than $40,000 as the plan specifies.

DATED:_____

_____
United States Bankruptcy Judge

APPROVED AS TO FORM:

_____        _____
Leonard McDonald                        Gerard O'Meara
Tiffany and Bosco, PA                   Gust Rosenfeld, PLC
for Barclay Capital Real Estate Inc.         for HSBC Bank USA
dba Homeq Servicing

_____        _____
Leonard McDonald                        Kyle Shelton
Tiffany and Bosco, PA                   Pite Duncan
for Bank of New York Mellon             Attorney for Citi Mortgage

```
 1
 2      Wells Fargo Bank, N.A.                                          $4,640.00
        c/o Wells Fargo Card Services Recovery Department
        P.O. Box 9210
 3      Des Moines, IA 50306

 4
 5          The claims of all other creditors whose claims are listed as undisputed in Schedule F to

        the debtor's bankruptcy schedules, are likewise approved.
 6
 7          17.      To correct a numerical error in the plan, that lump-sum payment due to general

        unsecured creditors described in paragraph 3.18 of the plan, shall be $45,000, rather than
 8
        $40,000 as the plan specifies.
 9
            DATED:_____
10
11
12                                  _____
                                    United States Bankruptcy Judge
13
        APPROVED AS TO FORM:
14
15      _____       _____ 5-8-2014
16      Leonard McDonald                   Gerard O'Meara
        Tiffany and Bosco, PA              Gust Rosenfeld, PLC
17      for Barclay Capital Real Estate Inc.        for HSBC Bank USA
        dba Homeq Servicing
18
19      _____       _____
20      Leonard McDonald                   Kyle Shelton
        Tiffany and Bosco, PA              Pite Duncan
21      for Bank of New York Mellon        Attorney for Citi Mortgage

22
23
24
25
26
27
28
                                        9
```

Wells Fargo Bank, N.A.                                              $4,640.00
c/o Wells Fargo Card Services Recovery Department
P.O. Box 9210
Des Moines, IA 50306

The claims of all other creditors whose claims are listed as undisputed in Schedule F to the debtor's bankruptcy schedules, are likewise approved.

17.     To correct a numerical error in the plan, that lump-sum payment due to general unsecured creditors described in paragraph 3.18 of the plan, shall be $45,000, rather than $40,000 as the plan specifies.

DATED: _____

_____
United States Bankruptcy Judge

APPROVED AS TO FORM:

Leonard McDonald                          Gerard O'Meara
Tiffany and Bosco, PA                     Gust Rosenfeld, PLC
for Barclay Capital Real Estate Inc.          for HSBC Bank USA
dba Homeq Servicing


Leonard McDonald                          Kyle Shelton
Tiffany and Bosco, PA                     Pite Duncan
for Bank of New York Mellon               Attorney for Citi Mortgage

9

**ATTACHED PLAN**

WARNOCK, MacKINLAY & CARMAN, P.L.L.C.
1019 South Stapley
Mesa, Arizona 85204
(480) 898-9239

J. Kent MacKinlay, No. 7204
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | **Chapter 11** |
| ALLAN AND WENDI OLSEN | **No.    2:09-bk-16352 - PHX-GBN** |
| Debtors | **PLAN OF REORGANIZATION** |

**ARTICLE I**
**DEFINITIONS**

For the purposes of this plan, and any amendments thereto, the following terms shall have the meanings set forth in this Article:

1.1     ADMINISTRATIVE CLAIM. Every cost or expense of administration in this bankruptcy case, in accordance with 11 U.S.C 503(b).

1.2     APPROVED CLAIMS. The claims of any creditor which are approved by the debtor in this Plan of Reorganization, or, if not so approved by the debtor, are approved by the Court.

1.3     CLAIM. A claim of a creditor which has been filed with the Bankruptcy Court prior to the bar dates set in this case, and which is allowed (or disallowed) by the Bankruptcy Court.

1.4     CONFIRMATION AND CONFIRMATION ORDER. The entry of an order by the Court confirming the plan.

1.5     CONTINGENT CLAIM. Any claim arising prior to confirmation of the Plan,

10

as to which the amount of said claim is unknown or has not been determined by the Court.

    1.6    COURT. The United States Bankruptcy Court for the District of Arizona.

    1.7    CREDITOR. All creditors of the debtor holding claims for debts, liabilities, demands or claims of any character whatsoever.

    1.8    DEBTOR. Allan and Wendi Olsen, husband and wife ("Olsen") or ("Debtor").

    1.9    EFFECTIVE DATE.  30 days following the entry of a Confirmation Order, provided no stay of such Order is in effect.  If a stay of such order is in effect, the Effective Date shall be 30 days following the lifting of such stay.

    1.10   PLAN.  This Plan of Reorganization in its present form, or as the same may be amended or supplemented.

    l.11   PRIORITY CLAIM.  Any claim entitled to priority under 11 U.S.C. 507(a)(l-7).

    1.12   SECURED CLAIM.  Any claim secured or partly secured by a lien of any kind on property of the Estate.

    1.13   UNSECURED CLAIM.  Any claim not secured by a valid lien on property of the  Estate.

**ARTICLE II**
**CLASSES OF CLAIMS AND INTERESTS**

    2.1    CLASS I.      Administrative expense claims.

    2.2    CLASS II.     Maricopa County Treasurer

    2.3    CLASS III     Income Taxing Authorities

    2.4    CLASS IV.     City of Chandler

    2.5    CLASS V.      Citi Mortgage Inc.

    2.6    CLASS VI.     Diamond Resorts International

    2.7    CLASS VII.    Linda Eikenbary

    2.8    CLASS VIII.   First Trust Deed Holder on 531 S. California, Chandler

    2.9    CLASS IX.     First Trust Deed Holder on 551 S. California, Chandler

11

2.10    CLASS X.     First Trust Deed Holder on 561 S. California, Chandler

2.11    CLASS XI.    First Trust Deed Holder on 581 S. California, Chandler

2.12    CLASS XII.   First Trust Deed Holder on 601 S. California, Chandler

2.13    CLASS XIII. First Trust Deed Holder on 611 S. California, Chandler

2.14    CLASS XIV. First Trust Deed Holder on 661 S. California, Chandler

2.15    CLASS XV.   First Trust Deed Holder on 671 S. California, Chandler

2.16    CLASS XVI. Lenders Who Have Completed Foreclosure

2.17    CLASS XVII.       Administrative Convenience Class

2.18    CLASS XVIII.      General Unsecured Creditors

## ARTICLE III
## TREATMENT OF CLAIMS UNDER THE PLAN

3.1    CLASS I.     <u>Administrative Expenses.</u>

Administrative expense claims, which are approved either by the debtor or by the court, along with any outstanding fees to the U.S. Trustee, shall be paid in full in cash within 30 days of the Effective Date, unless the creditor agrees to extended payment terms.

3.2    CLASS II.    <u>Maricopa County Treasurer.</u>

Any and all property taxes owed to the Maricopa County Treasurer, shall be paid in full within 60 days of the Effective Date of the Plan.

3.3    CLASS III.   <u>Income Taxing Authorities.</u>

The debtors shall pay all claims of the Internal Revenue Service ("IRS") and the Arizona Department of Revenue ("ADOR"), which are approved either by the debtor or by the court, together with interest at the rate of 5.0% per annum, calculated from and after the Effective Date of the Plan, in 60 equal monthly installments, commencing 30 days following the Effective Date.

3.4    CLASS IV.   <u>City of Chandler.</u>

All payments owed to the City of Chandler for water and trash removal, shall be paid at the rate of $500 per month or more, commencing on the first day of the month following the Effective Date, and continuing until paid.

3.5    CLASS V.    <u>Citi Mortgage Inc.</u>

The loan from Citi Mortgage Inc., in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon the debtor's residence at 872 N. Harmony Avenue, Gilbert, Arizona, shall be treated as fully secured.

Such claim shall be paid with interest at 2% per annum, calculated from and after the Effective Date, for the first 5 years following the Effective Date, and interest thereafter at the rate of 4.5% per annum. The loan shall be paid in payments of $1000 per month, plus one-twelfth of estimated property taxes and insurance, on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until 18 months following the Effective Date. Payments shall then increase to $1250 per month, plus one-twelfth of estimated annual property taxes and insurance, until 5 years following the Effective Date. The remaining balance shall then be amortized over 25 years and paid in equal monthly payments commencing on the first day of the 61st month following the Effective Date, and continuing until paid in full. All payments shall be applied first to post-petition interest, with the balance to principal.

The debtors hereby approve such claim in the amount of $382,000.

Any outstanding default shall be deemed cured upon confirmation of this plan. Any arrears shall be capitalized and included within the principal balance set for th above.

3.6    CLASS VI.    <u>Diamond Resorts International.</u>

That loan from Diamond Share International Inc., secured by a trust deed on the debtors' timeshare property in Sedona, Arizona, shall be paid by surrender of the debtors' interest in such timeshare to this creditor.

3.7    CLASS VII.    <u>Linda Eikenbarry.</u>

The loan from Linda Eikenbarry, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust on that property known as 521 S. California Street, Chandler, Arizona, shall be treated as secured in the amount of $56,000, and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after

the Effective Date, in payments of $358.39 per month, plus one-twelfth of estimated annual taxes and insurance, on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

All payments shall be applied firstly on interest accrued after the Effective Date with the balance on principal.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in Article V (S) hereof, and this creditor shall share pro rata with all creditors in that class.

3.8     CLASS VIII.  First Trust Deed Holder on 531 S. California, Chandler

The loan in favor of Wachovia Mortgage, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 541 S. California, Chandler, Arizona, shall be treated as secured in the amount of $59,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after the Effective Date, in payments of $377.59 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 hereof, and this creditor shall share pro rata with all creditors in that class.

3.9     CLASS IX.   First Trust Deed Holder on 551 S. California, Chandler

The loan in favor of Home Eq Services on 551 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 551 S. California, Chandler, Arizona, shall be treated as secured in the amount of $59,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after the Effective Date, in payments of $377.59 per month, plus one-twelfth of estimated annual taxes

14

and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 hereof, and this creditor shall share pro rata with all creditors in that class.

3.10    CLASS X.    First Trust Deed Holder on 561 S. California, Chandler

The loan in favor of GMAC Mortgage on 561 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 561 S. California, Chandler, Arizona, shall be treated as secured in the amount of $56,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after the Effective Date, in payments of $358.39 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 hereof, and this creditor shall share pro rata with all creditors in that class.

3.11    CLASS XI.    First Trust Deed Holder on 581 S. California, Chandler

The loan in favor of Home Eq Servicing on 581 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 581 S. California, Chandler, Arizona, shall be treated as secured in the amount of $56,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after the Effective Date, in payments of $358.39 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured

claims described in paragraph 3.18 hereof, and this creditor shall share pro rata with all creditors in that class.

3.12    CLASS XII.    <u>First Trust Deed Holder on 601 S. California, Chandler</u>

The loan from Home Eq Servicing on 601 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 601 S. California, Chandler, Arizona, shall be treated as secured in the amount of $56,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after the Effective Date, in payments of $358.39 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 hereof, and this creditor shall share pro rata with all creditors in that class.

3.13    CLASS XIII.    <u>First Trust Deed Holder on 611 S. California, Chandler</u>

The loan from Countrywide Home Loans or assignee on 611 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 611 S. California, Chandler, Arizona, shall be treated as secured in the amount of $39,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after the Effective Date, in payments of $249.59 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 hereof, and this creditor shall share pro rata with all creditors in that class.

3.14    CLASS XIV. <u>First Trust Deed Holder on 661 S. California, Chandler</u>

The loan from EMC Mortgage Corp on 661 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 661 S. California, Chandler, Arizona, shall be treated as secured in the amount of $39,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after the Effective Date, in payments of $249.59 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 hereof, and this creditor shall share pro rata with all creditors in that class.

3.15    CLASS XV. <u>First Trust Deed Holder on 671 S. California, Chandler</u>

The loan from Countrywide Home Loan or assignee on 671 S. California, Chandler, in such amount as may be approved either by the debtors or by the court, purportedly secured by a first deed of trust upon that property at 671 S. California, Chandler, Arizona, shall be treated as secured in the amount of $39,000 and unsecured for the balance.

The secured portion shall be paid with interest at 6% per annum, calculated from and after the Effective Date, in payments of $249.59 per month, plus one-twelfth of estimated annual taxes and insurance on the first day of the month following the Effective Date of the Plan, and on the first day of each month thereafter until paid.

The unsecured portion shall be paid at the same rate and time as those general unsecured claims described in paragraph 3.18 hereof, and this creditor shall share pro rata with all creditors in that class.

3.16    CLASS XVI. <u>Lenders Who Have Completed Foreclosures.</u>

Those creditors who have completed trustee's sales on the following properties;

2443 E. Mobile Lane, Phoenix

1　　　　　2439 E. Mobile Lane, Phoenix

2　　　　　2541 E. Corona, Phoenix

3　　　　　571 S. California Street

4　　　　　591 S. California Street

5　　　　　541 S. California Street

6　shall retain such properties in full satisfaction of their claims.

7　　　3.17　　CLASS XVII.　　　Administrative Convenience Class.

8　Each Class XVI claimant whose claim of under $500 is approved either by the debtor or

9　by the court, shall have the following options:

10　　　(a) To elect to accept a cash sum equal to 15% of the amounts of such approved claim,

11　thirty days following the Effective Date, in full satisfaction of such claim, or

12　　　(b) To accept payment in the same manner and on the same terms as Class XVIII

13　claimants.

14　　　Such election shall be made by each such Class XVII claimant at the same time as such

15　claimant casts its ballot to confirm or reject this Plan. In the event no such election is made by

16　a Class XVII claimant, such claimant shall be deemed to have elected treatment in accordance

17　with Option (b) hereinabove.

18　　　In addition, any Class XVIII claimant whose claim is in excess of $500.00, and whose

19　claim is approved either by the debtor or by the court, shall have the option of receiving the sum

20　of $75 in cash, 30 days following the Effective Date, in full satisfaction of such claim. Such

21　option must be exercised in writing at the time a ballot is cast to confirm or reject the Plan..

22　　　3.18　　CLASS XVIII.　　　 General Unsecured Creditors.

23　　　All other creditors not specifically included in any other class, shall be included in Class

24　XVIII.

25　　　The debtors shall pay the sum of $50,000, to be divided pro rata amongst all creditors in

26　this class and the unsecured portion of the claims of creditors in Classes VII-XV inclusive. Such

27　sum shall be paid without interest as follows:

28　　　　　　　　　　　　　　　　18

a) $5,000 within 60 days from the Effective Date

b) $40,000 within 5 years from the Effective Date;

PROVIDED HOWEVER that in the event of the sale of any real property owned by the debtors, prior to 3 years from the Effective Date, the debtors shall pay all sums over and above those sums required to retire the liens of the First Trust Deed Holders on such properties, in the secured amounts listed above, to Class XVIII. Any such payment shall be applied towards that $40,000 obligation referred to hereinabove.

## ARTICLE IV
## DEFAULT

The Debtor's failure to make any payment due under the Plan within thirty (30) days after demand for payment after its due date shall constitute a default unless the Debtor and the affected creditor agree to delayed payment.

Upon default, creditors may pursue any remedy provided by state or federal law, including foreclosing any security interest and/or suing on any promissory note issued or continued in effect under the Plan.

## ARTICLE V
## RIGHTS OF SECURED CREDITORS UNDER 11 U.S.C. 1111 (b)

Any impaired creditor holding security in any of the debtor's property, has the right under 11 U.S.C. 1111 (b), to timely make an election under that provision. The debtors will ask the court to set a bar date for the making of such election.

If such election is timely made by any creditor in Classes VII - XV inclusive, that creditor would receive the full principal amount of their approved claim, without interest, in monthly payments in the amount specified in Article 3.7 - 3.15 inclusive, until such principal amounts are paid in full.

## ARTICLE VI
## MODIFICATION OF THE PLAN

The debtors may amend or modify this Plan at any time prior to confirmation, without

19

leave of the Court. The debtors may propose amendments or modifications of this Plan at any time subsequent to confirmation, but such amendments or modifications shall require the approval of the Court.

### ARTICLE VII
### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The debtors as landlords shall assume all existing real property leases on any real property owned by them.

### ARTICLE VIII
### RETENTION OF JURISDICTION

8.1     The Court will retain jurisdiction until all payments required by the Plan have 2been made, for the following purposes:

(a)     The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to various claims. The failure by the Debtor to object to any claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to the claim following confirmation of the Plan.

(b)     Determination of all questions and disputes regarding title of the assets of the estate, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to an action pending as of the date of confirmation, between the Debtor and any other party.

(c)     The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency of the Plan or the order of confirmation as may be necessary to carry out the purposes and intent of this Plan.

(d)     The modification of this Plan after confirmation.

(e)     To enforce and interpret the terms and conditions of this Plan.

(f)     Entry of any order, including injunctions, as may be necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions,

20

terms and conditions as the Court may deem necessary.

(g)     Entry of an order concluding and terminating this case.

### ARTICLE IX
### TREATMENT OF IMPAIRED CLASSES

The court shall determine any controversy as to whether a class of claims is impaired under the Plan, after notice and an opportunity for hearing. All impaired classes of claims shall receive the distributions set forth as described above, on account of, and in complete satisfaction of, all claims against the debtor, and shall have no further rights or remedies against the debtor corporation or any of its assets or properties.

### ARTICLE X
### PROVISION FOR CLASSES OF IMPAIRED CLAIMS
### WHICH DO NOT ACCEPT THE PLAN

With respect to any impaired classes of claims which do not accept the Plan with the requisite vote under 11 U.S.C. 1126(c), the debtor will ask the court to confirm the Plan despite such rejection, for reason that the Plan does not discriminate unfairly, is fair and equitable with respect to the class or classes of claims that are impaired which do not accept the Plan, and otherwise complies with 11 U.S.C. 1129(b).

### ARTICLE XI
### DISCHARGE OF DEBTOR

Except as otherwise provided in the Plan or the Confirmation Order, entry of the Confirmation Order shall act as a discharge, of any and all debts, obligation, liabilities, and claims, contingent or otherwise, of the debtor that are owed at any time before the entry of the Confirmation Order, excepting for the obligations of the debtor specifically set forth in this Plan. The discharge of the debtor shall be effective as to each claim, regardless of whether a proof of claim thereof was filed, whether the claim is an allowed claim, or whether the holder thereof voted to accept the Plan.

21

# ARTICLE XII
## MISCELLANEOUS

12.1    Upon entry of an order confirming this Plan, all guarantees and indemnifications executed by the Debtor shall be limited solely to existing indebtedness and shall not extend to additional or future indebtedness to any creditor.

12.2    All payments made under the Plan which are returned by the Post Office undelivered, or which cannot be delivered due to lack of a current address, shall be retained by the Debtor for a period of six months from the date of the first attempt at distribution. After such six month period, the unclaimed monies or future distributions due such creditors, will vest in the Debtor, free of any claim by any creditor.

12.3    In the event this Plan is not confirmed for any reason, neither the Plan nor any statement contained therein, nor any statement in the Disclosure Statement submitted with or prior to this Plan, may be used or relied upon in any manner in any action or controversy within or outside of this reorganization case.

DATED this 25th day of November, 2009

   /s/ Allan Olsen                          
Allan Olsen

   /s/ Wendi Olsen                          
Wendi Olsen

  /s/ J. Kent MacKinlay, #007204  

Attorney for Debtor